UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DANNI TRAHAN** | **CASE NO. 6:19-CV-00942** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CALVIN RICHARD ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING

Before the Court is "Plaintiff's Motion for Partial Summary Judgment" (Doc.17) wherein Plaintiff, Danni Trahan asks the Court to find that the pay scheme operated by Richard's Seafood violated the Fair Labor Standards Act ("FLSA") and further that Co-Defendant Roxanne Gilton qualifies as a joint employer under the FLSA.

## FACTUAL STATEMENT

Plaintiff worked as a server at Richard's Seafood Patio throughout the relevant three-year statutory period until June 20, 2019, when she resigned. Defendant Calvin Richard is the owner/sole proprietor and manager of Richard's Seafood Patio. Defendant, Roxanne Gilton is Mr. Richard's former wife and assistant manager of the restaurant. Mr. Richard and Ms. Gilton were responsible for creating and implementing the payroll practices and policies at the restaurant.

Ms. Gilton has not received a salary from the restaurant since 2018 but continues to work as its assistant manager. She schedules the employees and performs payroll duties on behalf of the restaurant. Wait staff are W-2 employees and are paid $3.63 per hour in wages. The restaurant relies on the tip credit to meet is minimum wage obligation. Bussers

also work at the restaurant cleaning tables however they are not treated as employees even though they are required to punch in and out on the restaurant timeclock. The bussers take orders from either Ms. Gilton or Mr. Richard.

At the end of each night, either Mr. Richard or Ms. Gilton will review each busser's timecard and calculate his or her wages for the night which is written on a yellow memo pad. The servers pay the bussers out of their nightly tips. Either Mr. Richard or Ms. Gilton will collect the servers' tips and pay the bussers at the end of the pay period. The bussers receive no receipt, pay stub or any documentation of their wages, nor does the restaurant pay them outside of the servers' tip money that is collected.

Plaintiff's payroll and tax records reflect that she retains all of her tips. The busser arrangement provides a direct financial benefit to the servers by reducing the number of servers and increasing tip income. None of the funds contributed by the Plaintiff to the busser arrangement were retained by the Defendants; all such funds were kept separate and delivered to the bussers. The restaurant does not hire the bussers as they are not necessary.

Defendants asserts that Plaintiff was aware of the busser arrangement when she worked as a busser and a server. Plaintiff contests this assertion. Plaintiff contests that the busser-waiter arrangement was a voluntary agreement amongst the servers. Plaintiff disputes the restaurant's assertion that it was the servers who (1) decided to hire or fire a busser, (2) scheduled the bussers and (3) paid the bussers as their employer. Plaintiff disputes that the bussers provided no benefit to the restaurant.

## S<span></span>UMMARY J<span></span>UDGMENT S<span></span>TANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## **LAW AND ANALYSIS**

Plaintiff is suing her former employer for violations of the FLSA,[1] unjust enrichment under Louisiana Civil Code article 2298, and unlawful deductions under Louisiana Revised Statute 23:635. Plaintiff's current motion concerns only the § 203 "tip credit" violation of the FLSA but does not address the state law claims.

Plaintiff maintains that Richard's Seafood Patio's pay scheme violated the FLSA and that Ms. Gilton qualifies as an employer under the FLSA. Defendants dispute this and submit summary judgment evidence to create a genuine issue of material fact for trial. Plaintiff argues that the restaurant deducts from the server's tips money to pay the bussers' wages. Plaintiff maintains that the bussers work for the restaurant, but the restaurant does not pay them.

*FLSA violation*

29 U.S.C. § 206(a)(1)(C) requires an employer to pay a minimum wage of $7.25 an hour. There is an exception for tipped employees such as servers. Employers may pay a subminimum wage of $2.13 or higher, and then rely on an employee's earned tips to make up the difference in the $7.25 minimum wage. 29 U.S.C. § 203(m); *Montano v. Montrose Rest. Assocs.* 800 F.3d 186, 188 (5th Cir. 2015).

---

[1] 29 U.S.C.A. § 201).

Plaintiff argues that the restaurant's pay scheme for the bussers is not a valid tip pool because the bussers are not employees of the restaurant and cannot participate in the arrangement citing 29 U.S.C. § 203(m)(2)(A)(ii). Defendants maintain that there is a genuine issue of material fact as to whether the bussers are employees of the restaurant or independent contractors of the servers.

29 U.S.C. § 203(m)(2) provides the following:

(m)(2)(A) In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
    (i) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
    (ii) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in clause (i) and the wage in effect under section 206(a)(1) of this title.

The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

(B) An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit.

Defendants argue that Plaintiff must prove that this arrangement is mandated by the restaurant because if it is a voluntary arrangement among the servers, there is no FSLA violation. The Fifth Circuit has noted that an employer "has the burden of establishing its

entitlement to the tip credit." *Montano v. Montrose Rest. Assocs.* 800 F.3d at 186. A restaurant "has the burden of establishing its entitlement to the tip credit." *Roussell v. Brinker, Int'l, Inc.,* 441 F.App'x 222, 230 (5th Cir. 2011).

Defendants rely on the Department of Labor Field Operations Handbook § 30d04(g) which provides the following:

> (g) However, it does not appear the Congress, even in requiring as a general principle that tipped employees retain all their tips, intended to prevent tipped employees from deciding, free from any coercion whatever and outside of any formalized arrangement or as a condition of employment, what to do with their tips, including sharing them with whichever co-workers they please. Therefore, a tipped employee may voluntarily share tips with whichever co-workers the tipped employee chooses. Tips received by co-workers who are not tipped employees may not, however, be used as a tip credit.

Plaintiff contends that the restaurant requires the servers to pay the bussers' wages. Thus, the sharing of the tip pool is not voluntary and in violation of the tip credit. Defendants say otherwise and submit summary judgment evidence to create a genuine issue of material fact for trial.

Defendants submit the Affidavit of Megan Garcia, who has been employed by the restaurant since 2002.[2] Ms. Garcia declares that the busser pay arrangement was a voluntary agreement amongst the servers and was not required by Mr. Richard or Ms. Gilton.[3] Ms. Garcia also declared that the selection of bussers has been made by the servers

---

[2] Defendants exhibit D-2, Affidavit of Megan Garcia, Doc. 19-4.
[3] Id. ¶ ¶ 2,3,4.

as well as the days and hours worked.[4] Ms. Garcia declared that when Plaintiff became a busser, the source of the busser's pay as being exclusively contributions by the servers was a matter of common knowledge.[5]

Defendants also submit the Affidavit of Raissa Menard who has been employed as a server at the restaurant since 2006.[6] Ms. Mendard also declared that it was the servers who made the decision regarding if there would be a busser, how many bussers, and during the shift, when a busser would clock out.[7]

Defendants submit Mr. Richard's deposition testimony wherein he testified that he had informed the waitstaff at server meetings that the busser pay arrangement was voluntary.[8] Defendants submit a compilation of Plaintiff's hours and tips recorded on her time-cards from January 2018 through June 2019.[9] Defendants remark that the amount reflects no payment to the bussers, thus suggesting that Plaintiff received 100% of her tips.

Mr. Richard also testified that the servers hire the bussers and choose who they want to hire after reviewing the applications. He also testified that he did not recommend who the servers hired, nor did he refuse a busser that the server hired.[10]

---

[4] Id. ¶ ¶ 6, 7.
[5] Id. ¶ 9.
[6] Defendant's exhibit D-3, Affidavit of Raissa Menard, Doc. 19-5.
[7] Id. ¶ ¶ 2, 3.
[8] Defendant's exhibit (not identified), Depo. of Calvin Richard, p. 41, Rec. 19-7.
[9] Defendant's exhibit D-1.
[10] Id. p. 32.

Defendants contends that because the restaurant would not hire bussers apart from this arrangement, the comparison between Plaintiff's earnings with and without the arrangement is relevant circumstantial evidence. Defendants further note that Plaintiff has no record of what she may have contributed towards the bussers' pay.[11] Defendants show examples of how the server would earn more income in a shift if she hired and paid a busser. In other words, having bussers will always result in greater earnings for the server compared to having no bussers. Defendants further remark that the wait-staff has a choice between this arrangement or no bussers.

Defendants submit the deposition testimony of Ms. Gilton wherein she testified that it was the servers who requested the bussers in order for the servers to turn over tables quicker.[12] Ms. Gilton testified the restaurant did not hire the bussers because they were not needed.[13] Ms. Gilton also testified that it was the servers who made the decision to hire, fire and schedule the bussers.[14] Ms. Gilton testified that none of the tip money contributed by the servers was used for restaurant purposes.[15] Ms. Gilton also testified that when she hired Plaintiff as a busser,[16] Plaintiff's mother was present, and Ms. Gilton explained to Plaintiff and her mother how the bussers were paid. Specifically, that she would not be receiving a W-2 because as a busser, she was not being hired by the restaurant.[17]

---

[11] Defendant's exhibit (not identified), Depo. of Danni Trahan, P. 40:22.
[12] Defendant's exhibit (not identified), Depo. of Roxanne Gilton, p. 19:19.
[13] Id. p. 23:23.
[14] Defendant's exhibit (not identified), Gilton depo. pp. 36-37, 47.
[15] Id. p. 25.
[16] Initially, Plaintiff was hired as a busser and later as a server.
[17] Id. p. 34.

The Court find that Defendants have presented sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not the bussers are employees of the restaurant or general contractors, whether or not the pay arrangement for bussers was voluntary, and whether or not the restaurant violated the FLSA.

*Is Ms. Gilton an employer?*

Plaintiff moves for the Court to determine that Ms. Gilton qualifies as an "employer" under the FLSA. Specifically, Plaintiff intends to hold M. Gilton equally liable as an FLSA joint employer. The FLSA defined "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Plaintiff argues that because Ms. Gilton is employed as the assistant manager of the restaurant, she possesses the authority to hire and fire employees.

Plaintiff relies on the four-factor test set forth in *Gray v. Powers*, 673 F.3d 352 (5th Cir. 2012) to determine if Ms. Gilton qualifies under the FLSA as an employer. The factors for the Court to consider are "whether the alleged employer (1) possess the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Kimbrough v. Khan*, 2020 U.S. Dist. LEXIS 149502, at *33 (N.D. Tex. Aug. 18, 2020) (citing *Gray v. Powers*). Plaintiff argues that Ms. Gilton meets all four factors of an employer.

To create a genuine issue of material fact, Ms. Gilton submits a sworn affidavit in which she declares the following. Richard's Seafood Patio is a sole proprietorship owned by Calvin Richard, Ms. Gilton's former husband.[18] After their divorce in 2010, Ms. Gilton was employed as an Assistant Manager at the restaurant and was paid as a W-2 employee from March of 2010 until April of 2018.[19] After April 2018, Ms. Gilton no longer received a check but continued to assist with payroll.[20]

Ms. Gilton testified that she allowed the servers to inform her what days they would be available to work and she would hand write a final schedule.[21] The servers determined how many bussers would work on a particular day.[22] Ms. Gilton argues that her involvement with the work schedules involved ministerial duties.

In her Affidavit, Ms. Gilton stated that she and Mr. Richard made decisions in 1997, when they were married as to pay and tipping.[23] Ms. Gilton notes that Plaintiff's claims stem from alleged violation from 2013 to 2019 which is long after the decision was made as to pay. In other words, from 2013 to 2019, Ms. Gilton did not make any decisions as to payment and method of payments and tipping of employees.[24] Ms. Gilton further declares that the authority to hire and fire always rested on the authority of Mr. Richard.[25]

---

[18] Defendant's exhibit 1, Affidavit of Roxanne Gilton, ¶¶ 2, 4.
[19] *Ibid.* ¶ 4.
[20] *Id.*
[21] Defendant's exhibit, Depo. of Gilton, pp. 45-47.
[22] Defendant's exhibit D-4. doc. 19-6.
[23] Defendant Gilton exhibit, Affidavit of Roxanne Gilton, ¶ 3, Doc. 20-1.
[24] Id. ¶ 8.
[25] Id. ¶ 6.

As to her role in the maintenance of employee records, Ms. Gilton explains that she does have a home computer where she maintains payroll records because the restaurant has no office to house a computer.[26]

The Court finds that Ms. Gilton has presented sufficient summary judgment evidence to create a genuine issue of material fact for trial as to whether or not she qualifies as an employer as defined by the FLSA.

## **CONCLUSION**

For the reasons set forth above, the Court will deny Plaintiff's motion for partial summary judgment as the Court finds that there a genuine issues of material fact for trial as to whether Defendant's tipping pool and/or pay arrangement with the servers and bussers violated the FLSA, and as to Ms. Gilton's role as an employer.

**THUS DONE AND SIGNED** in Chambers on this 16th day of December, 2020.

_____
**JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE**

---

[26] Id. ¶ 9.